

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

OSG/RAH/ZI/PL AGR
2013R00130

970 Broad Street, Suite 700
Newark, NJ 07102

973/645-2700

RECEIVED
SEP -9 2014
AT 8:30 WILLIAM T. WALSH CLERK

October 25, 2013

James Filan, Esq.
315 Post Road West
Westport, Connecticut 06880

Re: <u>Plea Agreement with Frederick Todd</u>   14-518(JAP)-01

Dear Mr. Filan:

This letter sets forth the plea agreement between your client, Frederick Todd, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Frederick Todd to a two-count Information. Count One charges that Frederick Todd conspired with others to commit wire fraud by devising a scheme and artifice to defraud Victims G.C. and J.C. and others in relation to purported investments in shares of Facebook, Inc., life settlement policies, and real estate investments, between in or about February 2012 and in or about May 2013, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349. Count Two charges that on or about March 5, 2012, Frederick Todd knowingly engaged in a monetary transaction affecting interstate commerce with the proceeds of criminal activity, specifically, wire fraud, in violation of 18 U.S.C. § 1957. If Frederick Todd enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Frederick Todd for his participation in a conspiracy to defraud victims in relation to purported investments in Facebook, Inc. shares, life settlement policies, and real estate investments, and disbursing the proceeds of the conspiracy, from in or about February 2012 through in or about May 2013. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Frederick Todd may be commenced against him, notwithstanding the expiration of the limitations period after Frederick Todd signs the agreement.

### Sentencing

The violation of 18 U.S.C. § 1349 to which Frederick Todd agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1957 to which Frederick Todd agrees to plead guilty carries a statutory maximum prison sentence of 10 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Frederick Todd is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Frederick Todd ultimately will receive.

Further, in addition to imposing any other penalty on Frederick Todd, the sentencing judge: (1) will order Frederick Todd to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Frederick Todd to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Frederick Todd, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require Frederick Todd to serve a term of supervised release of not more than 3 years per count, which will begin at the expiration of any term of imprisonment imposed. Should Frederick Todd be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Frederick Todd may be sentenced to not more than 2 years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Frederick Todd agrees to make full restitution for all losses resulting from the offense of conviction and from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to any victims identified by this Office in the amount of $6,530,000.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Frederick Todd by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Frederick Todd's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Frederick Todd agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Frederick Todd from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Frederick Todd waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

Frederick Todd agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Frederick Todd will consent to the entry of a forfeiture money judgment in the amount of $6,530,000 in United States currency (the "Forfeiture Money Judgment"). Defendant acknowledges that the $6,530,000 is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a

- 3 -

violation of 18 U.S.C. § 1349, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, Frederick Todd shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Frederick Todd enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Frederick Todd fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, Frederick Todd consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Frederick Todd agrees to consent to the entry of orders of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Frederick Todd understands that the forfeiture of Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Frederick Todd hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

## Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to

- 4 -

seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Frederick Todd. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Frederick Todd.

### No Other Promises

This agreement constitutes the plea agreement between Frederick Todd and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Gurbir S. Grewal
    Rachael A. Honig
    Zach Intrater
Assistant U.S. Attorneys

APPROVED:

Christopher J. Kelly
Deputy Unit Chief, Criminal Division

      I have received this letter from my attorney, James Filan, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____      Date: 9-9-14
Frederick Todd

      I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____      Date: 9/9/14
James Filan, Esq.

## Plea Agreement With Frederick Todd

### Schedule A

1. This Office and Frederick Todd recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Frederick Todd nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Frederick Todd within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Frederick Todd further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level except as provided for in any written agreement between the parties.

2. The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case.

### Count One

3. The applicable guideline for Count One is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7.

4. Specific Offense Characteristic § 2B1.1(b)(1)(J) applies in that the loss attributable to Frederick Todd in the conspiracy is more than $2,500,000, but less than $7,000,000. This Specific Offense Characteristic results in an increase of 18 levels.

5. Specific Offense Characteristic § 2B1.1(b)(10)(C) applies in that the conspiracy involved sophisticated means. This Specific Offense Characteristic results in an increase of 2 levels.

6. The offense level for Count One is therefore 27.

### Count Two

7. The applicable guideline for Count Two is U.S.S.G. § 2S1.1. This guideline carries a base offense level of the offense level for the underlying offense from which the laundered funds were derived; here, the offense level for the underlying offense is 27. See U.S.S.G. § 2S1.1(a)(1).

8. Specific Offense Characteristic § 2S1.1(b)(2)(A) applies in that Frederick Todd is pleading guilty to an offense under 18 U.S.C. § 1957. This Specific Offense Characteristic results in an increase of 1 level.

9. The offense level for Count Two is therefore 28.

### Grouping

10. Frederick Todd is pleading guilty to a two-count Information, including one count of laundering funds and one count of the underlying offense from which the laundered funds were derived. Therefore, Counts One and Two are grouped pursuant to U.S.S.G. § 3D1.2(c). See U.S.S.G. § 2S1.1 Application Note 6.

11. Pursuant to U.S.S.G. § 3D1.3, the highest offense level should be applied. The highest offense level is 28.

12. Pursuant to U.S.S.G. § 3D1.4, there is one unit, because there is only one Group. Thus, there is no increase in the offense level under the Grouping Analysis.

### Abuse of Position of Trust

13. Frederick Todd abused a position of private trust in a manner that significantly facilitated the commission of his offenses. Therefore, § 3B1.3 applies. This adjustment for Frederick Todd's role in the offense results in an increase of 2 levels.

### Guideline Offense Level

14. The Guideline offense level applicable to Frederick Todd is therefore 30.

15. As of the date of this letter, Frederick Todd has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Frederick Todd's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

16. As of the date of this letter, Frederick Todd has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Frederick Todd's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Frederick Todd enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Frederick Todd's acceptance of responsibility has continued through the date of sentencing and Frederick Todd therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Frederick Todd's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

17. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Frederick Todd is 27 (the "agreed total Guidelines offense level").

18. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 27 is reasonable.

19. Frederick Todd knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 27. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 27. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

20. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.